UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

IN RE BRUCE GERALD HOLLOWAY,    )
    Debtor-Appellant,            )
                                )
v.                              )   No. 3:10-CV-75
                                )   (Phillips)
COMMUNITY BANK,                 )
    Bank-Appellee.               )

## MEMORANDUM OPINION

**I.    Introduction**

Debtor-Appellant Bruce Gerald Holloway appeals the Bankruptcy Court's dismissal of the first, second, third, fifth, and sixth courts of his complaint. The United States Bankruptcy Court for the Eastern District of Tennessee found that all of Debtor's claims, with the exception of the fourth count, failed to state a claim upon which relief could be granted. The Bankruptcy Court therefore granted the Bank-Appellee's motion to dismiss courts one, two, three, five, and six of the Debtor's complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), as incorporated by Federal Rule of Bankruptcy Procedure 7012(b). This court affirms the Bankruptcy Court's Order for the reasons contained herein.

**II.    Issues Presented**

Whether the Bankruptcy Court's decision to grant the Bank's motion to dismiss courts one, two, three, five, and six of the Debtor's complaint should be affirmed. Specifically, whether the Bankruptcy Court erred in holding:

1. 11 U.S.C. § 107(c) does not allow for a private right of action for relief enabling a plaintiff to pursue a claim of contempt in court; and

2. Disclosure of unredacted sensitive information in a proof of claim filed with the United States Bankruptcy Court Clerk's Office does not satisfy the publicity element necessary to state a claim for invasion of privacy.

### III. Background

On September 8, 2008, Debtor filed a voluntary petition commencing under Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Tennessee. Bank, which held a lien secured by a 2002 Chevrolet Truck, was included in Mr. Holloway's bankruptcy statements and schedules. Bank filed its original proof of claim with the Bankruptcy Court's Clerk's Office on October 2, 2008, which revealed Debtor's full Social Security Number and financial account number without redaction. On February 12, 2009, Debtor filed an ex parte emergency motion to restrict public access to the proof of claim, and on March 10, 2009, Bank filed an amended proof of claim with Debtor's private and personal information redacted.

Contemporaneously with his ex parte motion, Debtor filed a complaint against Bank in the United States Bankruptcy Court for the Eastern District of Tennessee. The complaint was premised on Bank's failure to redact Debtor's social security number and full account number from the loan documents attached to Debtor's proof of claim. The complaint alleged six causes of action: (1) Objection to Claim; (2) Violation of Gramm-Leach Bliley Act; (3) Contempt of Court and Violation of Federal District Court and Violation of Federal District Court and Bankruptcy Court Orders and Policies Against Disclosure of Personal Identifiers and Sensitive Data; (4) Contempt of

2

Court and Violation of Federal Rule of Bankruptcy Procedure 9037 - Failure to Redact Nonpublic Information; (5) Contempt of Court and Violation of 11 U.S.C. § 107(c) - Failure to Redact Nonpublic Information; and (6) Invasion of Privacy and Intentional or Negligent Infliction of Emotional Distress. It sought compensatory and punitive damages, injunctive relief, disallowance of claim, a discharge of indebtedness, and sanctions against Bank.

Bank filed a motion to dismiss Debtor's claims on March 12, 2009, citing French v. American General Financial Services (In re French), 401 B.R. 295 (Bankr. E.D. Tenn. 2009), which was factually similar to the instant case and recently entered in the same venue. Plaintiff filed a response brief on April 1, 2009. Citing French, the United States Bankruptcy Court partially granted Bank's motion, dismissing counts one, two, three, five, and six as failing to state a claim upon which relief could be granted. Fed. R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012(b).

## IV. Jurisdiction and Standard of Review

On June 1, 2009, Debtor filed a Notice of Appeal and Motion for Leave to Appeal, pursuant to 28 U.S.C. § 158(a). On June 18, 2009, the Bankruptcy Court entered an order staying the adversary proceedings pending this appeal. This court has appellate jurisdiction in this matter pursuant to 28 U.S.C. § 158(a) and Bankruptcy Rule 8001 *et seq*.

A bankruptcy court's findings of fact are reviewed for clear error, and its conclusions of law are reviewed *de novo*. In re Behlke, 358 F.3d 429, 433 (6th Cir. 2004). A finding of fact is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985). *De novo* means deciding the issue as if it had

3

not been heard before, In re Downs, 103 F.3d 472 (6th Cir. 1996), and no deference is given to the Bankruptcy Court's conclusions of law, Razavi v. Commissioner, 74 F.3d 125, 127 (6th Cir. 1996).

V.   Analysis

Plaintiff avers that the Bankruptcy Court erred by holding (1) 11 U.S.C. § 107(c) (West 2011) does not allow for a private right of action for relief enabling a plaintiff to pursue a claim of contempt of court (Doc. 3, at 10-13), and (2) disclosure of unredacted sensitive information in a proof of claim does not satisfy the publicity element necessary to state a claim for invasion of privacy (Doc. 3, at 14-17). In granting the Bank's Motion to Dismiss, the Bankruptcy Court relied exclusively upon French v. American General Financial Services (In re French), 401 B.R. 295 (Bankr. E.D. Tenn. 2009). (Doc. 1, Attach. 2, Ex. 2.) The Plaintiff asserts that French was wrongly decided. (Doc. 3, at 12, 15-16.) This court agrees with the Bankruptcy Court that French is good law and instructs the dismissal of counts one, two, three, five, and six of Debtor's claims.

   **1.   The Bankruptcy Court properly dismissed Debtor's claims under 11 U.S.C. § 107(c)(1) because § 107(c) does not create a private right of action.**

11 U.S.C. § 107(a) "establishes a broad right of public access, subject only to limited exceptions set forth in the statute, to all papers filed in a bankruptcy case." In re Neal, 461 F.3d 1048, 1053 (8th Cir. 2006). Subsection (c) of § 107 contains the exceptions to the public access rule:

> The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
>    (A) Any means of identification (as defined in section 1028(d) of title 18) contained in paper filed, or to be filed, in a case under this title.
>
>    (B) Other information contained in a paper described in subparagraph (A).

4

11 U.S.C. § 107(c)(1). Because § 107(c) does not expressly create a private remedy, the United States Bankruptcy Court for the Eastern District of Tennessee in French exhaustively inquired whether there is an implied cause of action in § 107(c). 401 B.R. at 304-07. Applying the Sixth Circuit's four-factor test for implied private rights of action[1], the court found that the permissive language of § 107(c) requires a court to find cause for restricting public access, and that the statute thus addresses the operation of the court, not the parties who appear before it. Id. at 306 (citations omitted). The court also found that legislative history confirms Congress did not intend § 107(c) to create a private right of action or to be a remedial statute, but rather to establish the duty of the court to restrict public access if disclosure creates an undue risk. Id. at 306. The court concluded that 107(c) is a remedy for the court, and does not afford individuals a private right of action. Id.

The facts in French were substantially similar to the facts of the instant case, whereby a party failed to redact Debtor's private information from documents attached to Debtor's proof of claim. Id. at 301-02. Additionally, this court in French dismissed the exact same five causes of action as are at issue in this appeal. Id. at 303. Debtor fails to set forth any facts or law to support a finding that French was incorrectly decided and that § 107(c) grants individuals an implied private cause of action. Additionally, Debtor's contention that § 107(c)'s inclusion in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 indicates that Congress intended 107(c) to afford a private remedy is unpersuasive, as a statute imposing on courts a duty to protect individuals from

---

[1] First, the court considers whether the plaintiff is one of the class for whose special benefit the statute was enacted. Second, the court examines legislative history to see if it can discern any intent to create or to deny a right of action under the statute. Third, the court weighs whether implying a right of action would be consistent with the purposes of the legislative scheme. And fourth, the court determines whether the cause of action is one traditionally relegated to state law, so that it would be inappropriate to infer a cause of action based solely on federal law. Thomas M. Cooley Law Sch. v. ABA, 459 F.3d 705, 711 (6th Cir. 2006).

5

certain public disclosures is also consistent with BAPCPA. Pub. L. 109-8, H. Rep. 109-31 (2005).

The remedy the court accorded Debtor in this case, namely the refiling of a redacted document with the Clerk's Office, was consistent with the goal of § 107(c) to protect individuals from public disclosure of private information. The lack of any private right of action results in there being no jurisdiction for any such private right of action and, as such, the Bankruptcy Court appropriately dismissed five of the six causes of action in Debtor's Complaint.

> **2.    The Bankruptcy Court properly dismissed Debtor's claims related to invasion of privacy because the act of filing a bankruptcy proof of claim is not sufficient to establish that the information was disseminated to the public at large, as required to state a claim of invasion of privacy under Tennessee law.**

Tennessee adopts the Restatement (Second) of Torts as the applicable law in invasion of privacy claims. West v. Media Gen. Convergence, Inc., 53 S.W.3d 640, 648 (Tenn. 2001). The tort of public disclosure of private facts provides: "One who gives publicity to a matter concerning the private life of another is subject to liability . . . for invasion of his privacy, if the matter publicized is of a kind that (a) would be highly offensive to a reasonable person; and (b) is not of legitimate concern to the public." Rest. (Second) of Torts § 652(d) (West 2011). The "publicity" element of this tort "differs from "publication" . . . . [Publicity] means that the matter is made public, by communicating it to the *public at large*, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge." Id. cmt. a (emphasis added). Therefore, "essential to recovery is a showing of a public disclosure of private facts. Communication to a single individual or to a small group of people . . . will not give rise to liability." Beard v. Akzona, 517 F. Supp. 128, 132 (E.D. Tenn. 1981).

The United States Bankruptcy Court for the Eastern District of Tennessee held in French that the "publicity" element necessary to establish a claim for invasion of privacy in

6

Tennessee is not met by the act of filing a bankruptcy proof of claim. 401 B.R. at 316-19. The court inquired into whether (1) plaintiff was damaged by the disclosure of private information; (2) anyone actually saw the private information; (3) any person took affirmative action to view the private information; and (4) the individual viewing the information poses a risk to the plaintiff. Id. at 318 (citing Southhall v. Check Depot, Inc. (In re Southhall), 2008 WL 5330001, *3 (Bankr. N.D. Ala. Dec. 19, 2008))[2]. The court found that the debtor did not allege that the protected information ever was viewed by the clerk's office or that the information was, in fact, ever seen by any member of the public at large. Id. Nor was there any allegation that any user of the court's ECF or PACER systems improperly accessed the information. Id. The court found that the debtor had failed to allege any facts sufficient to establish that the information at issue was disseminated to the public at large. Id. at 319. The debtor's sixth cause of action for invasion of privacy was dismissed.[3] Id.

In the instant case, Debtor makes exactly the same privacy allegation as the debtor in French. Id. at 303. And, like in French, Debtor cannot point to any fact that would arguably satisfy the "publicity" element of his privacy claims. The court finds unpersuasive Debtor's assertion that the numerous subscription systems that electronically disseminate PACER information make it

---

[2] The court declines to rule on the appropriateness of the French court's reliance on the Southhall factors, because Debtor in the instant case failed to meet the "publicity" element of an invasion of privacy claim, as defined in comment a of the Restatement (Second) of Torts § 652(d), without regard to the Southhall factors.

[3] Though Debtor does not raise on appeal the issue of his intentional and negligent infliction of emotional distress claims, the Court notes that, under exactly the same facts, the court in French also found that the debtor had not pled any facts to support a claim for intentional infliction of emotional distress under Miller v. Willbanks, 8 S.W.3d 607, 612 (Tenn. 1999), or that the conduct of the bank was so outrageous as to be outside the bounds of decency, or that the situation implicated the general negligence principles of duty, breach, injury, and causation. 401 B.R. at 319-20. The claims for infliction of emotional distress were dismissed. Id.

7

"undisputable" that his information was publicly disseminated. (Doc. 3, at 16.) Though Debtor asserts that information on ECF and PACER can become available on those secondary subscription systems, Debtor did not claim that such widespread dissemination occurred in his case. As such, Debtor failed to state a claim upon which relief could be granted, and the Bankruptcy Court properly dismissed his claims related to invasion of privacy.

## VI. Conclusion

The Bankruptcy Court did not err in finding that 11 U.S.C. § 107(c) does not accord individuals a private right of action, and that disclosure of unredacted sensitive information in a proof of claim filed with the Bankruptcy Court Clerk's Office does not satisfy the publicity element necessary to state a claim for invasion of privacy under Tennessee law. This court affirms the Bankruptcy Court's decision to grant the Bank's motion to dismiss courts one, two, three, five, and six of the Debtor's complaint.

**IT IS SO ORDERED.**

**ENTER:**

s/ Thomas W. Phillips
United States District Judge